# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-0852V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
AMY CARTER, as parent and next friend    *
of A.C., a minor,                        *        Special Master Oler
                                         *
                                         *        Filed: June 29, 2018
                  Petitioner,            *
          v.                             *        Petitioner's Motion for a Decision;
                                         *        Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                      *        Act; Denial Without Hearing.
AND HUMAN SERVICES,                      *
                                         *
                  Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard Scott Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On July 20, 2016, Amy Carter filed a petition on behalf of her minor child, A.C., seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that A.C. "suffered a reaction which was diagnosed as Mental Developmental Delay, Mixed receptive-expressive language disorder[,] and Gross Motor Delay" as a result of her Diptheria, Tetanus,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

and Pertussis ("DTaP") and Haemophilus Influenza Type b ("Hib") vaccinations administered on July 22, 2013.[3]  Petition, ECF No. 1.

After filing medical records between the filing of her Petition and late March 2017, Petitioner filed her Statement of Completion on March 20, 2017.  ECF No. 22.  Thereafter, Respondent filed a Rule 4(c) Report on May 23, 2017, contesting Petitioner's right to damages, and suggesting that vaccine compensation be denied.  ECF No. 26.

Petitioner was given deadlines to file her expert report, and on May 17, 2018, I held a status conference.  *See* ECF No. 43.  Petitioner filed a motion for interim attorney's fees and costs on May 24, 2018, and parties filed their respective responses.[4]  ECF Nos. 44-47.  Petitioner filed a status report on June 20, 2018, notifying the Court of her intent to file a motion to dismiss.  ECF No. 48.  In light of Petitioner's status report, I ordered Petitioner to file a motion to dismiss by July 25, 2018.

On June 26, 2018, Petitioner filed the present motion for a decision to dismiss her non-table claim, indicating that "[a]fter working with expert physicians and after further evaluation of recent medical records, it is evident that [she] will be unable to prove that she is entitled to compensation in the Vaccine Program."  *See* Petitioner's Motion to Dismiss, ECF No. 49.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that A.C. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

---

[3] This case was initially assigned to now-retired Special Master Hastings (ECF No. 5), reassigned to Special Master Corcoran on October 4, 2017 (ECF No. 32), and reassigned to my docket on December 1, 2017 (ECF No. 35).

[4] I have not issued a decision on Petitioner's motion for interim attorney's fees and costs.  While Petitioner states in her present motion to dismiss that she "understands that she may apply for costs once her case is dismissed and judgment is entered against her[,] it is unclear whether Petitioner intends to file a motion for final attorney's fees and costs or if she prefers to treat the May 24, 2018 motion as a final motion for me to act on.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master